JS 44 (Rev. 08/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Carmen Demark

## DEFENDANTS
Superintendent Laura Harry, et al.

**(b)** County of Residence of First Listed Plaintiff: Luzerne
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Dauphin
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Curt M. Parkins, Esq., Walker Comerford Law
204 Wyoming Avenue, Scranton, PA 18503

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 840 Trademark | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | | **LABOR** / **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act / ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | | ☐ 720 Labor/Management Relations / ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | | ☐ 740 Railway Labor Act / ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act / ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - Medical Malpractice | | | ☐ 893 Environmental Matters |
| | | | ☐ 790 Other Labor Litigation | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act / **FEDERAL TAX SUITS** | |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | |
| ☐ 290 All Other Real Property | | **Other:** | ☐ 462 Naturalization Application | |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | |
| | ☐ 448 Education | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 1983
Brief description of cause:
Deliberate indifference to Plaintiff's Eighth Amendment Rights

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 1,000,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 04/25/2017
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARMEN DEMARK<br>SCI RETREAT - # LY6702<br>660 S.R. 11<br>HUNLOCK CREEK, PA 18621<br>            PLAINTIFF<br><br>V.<br><br><br>SUPERINTENDENT LAUREL HARRY<br>SCI CAMP HILL<br>P.O. BOX 8837<br>CAMP HILL, PA 17001<br><br>CORRECTIONS OFFICER MILLER<br>SCI CAMP HILL<br>P.O. BOX 8837<br>CAMP HILL, PA 17001<br><br>CORRECTIONS OFFICER GAULT<br>SCI CAMP HILL<br>P.O. BOX 8837<br>CAMP HILL, PA 17001<br><br>CORRECTIONS OFFICER CARBERRY<br>SCI CAMP HILL<br>P.O. BOX 8837<br>CAMP HILL, PA 17001<br><br>JOHN/JANE DOE I-X<br>SCI CAMP HILL<br>P.O. BOX 8837<br>CAMP HILL, PA 17001<br>            DEFENDANTS | CIVIL ACTION - LAW<br><br>JURY TRIAL DEMANDED<br><br><br>No._____ |

## **COMPLAINT**

AND NOW, comes Plaintiff, Carmen Demark, by and through his Counsel, Walker Comerford Law, who files this Complaint, averring as follows:

1

## JURISDICTION

1. This is a civil rights action seeking damages against Defendants for acts constituting and causing the deprivation of Plaintiff's rights secured under the Eighth Amendment to the United States Constitution and under 42 U.S.C. § 1983.

2. While Plaintiff was subjected to post-trial detention in the Pennsylvania State Corrections Institution at Camp Hill, Defendants, acting individually and/or in concert and under color of state law, willfully, callously, reckless, with gross negligence and/or with deliberate indifference, acted and/or failed to act in a manner which proximately caused the violation of Plaintiff's right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution.

3. Original Federal Jurisdiction is established under 28 U.S.C. §§ 1331 and 1343 and under 42 U.S.C. § 1983.

4. Venue is proper in the United States District Court for the Middle District of Pennsylvania under 28 U.S.C. § 1391 because the factual basis for all claims stated herein occurred in the Middle District and because Plaintiff and Defendants reside in and/or maintain their principle places of business in the Middle District.

## PARTIES

5. Plaintiff incorporates by reference all paragraphs, both preceding and following this averment, of this Complaint as if fully set forth herein.

6. Plaintiff Carmen Demark is an adult, competent individual who is currently incarcerated at Pennsylvania State Correctional Institution Retreat, 660 S.R. 11, Hunlock Creek, PA 18621.

7. Defendant Superintendent Laurel Harry ("Defendant Harry") is, and at all times relevant to this Complaint was, the Superintendent of the Pennsylvania State Correctional Institution at Camp Hill ("SCI Camp Hill"). Defendant Harry regulates, and implements and directs customs, policies, practices and employees at SCI Camp Hill. Defendant Harry is being sued in her individual, supervisory, and policy-making capacities. At all times relevant to this Complaint, Defendant Harry was acting under color of state law.

8. Defendant Corrections Officer Miller ("Defendant Miller"), first name currently unknown, is, and at all times relevant to this Complaint was, a corrections officer ("c/o") and/or medical care provider at SCI Camp Hill. Defendant Miller is being sued in both his individual and supervisory capacities. At all times relevant to this Complaint, Defendant Miller was acting under color of state law.

9. Defendant Corrections Officer Gault ("Defendant Gault"), first name currently unknown, is, and at all times relevant to this Complaint was, a c/o at SCI Camp Hill.

2

Defendant Gault is being sued in both her individual and supervisory capacities. At all times relevant to this Complaint, Defendant Gault was acting under color of state law.

10. Defendant Corrections Officer Carberry ("Defendant Carberry"), first name currently unknown, is, and at all times relevant to this Complaint was, a c/o at SCI Camp Hill. Defendant Harry is being sued in both his individual and supervisory capacities. At all times relevant to this Complaint, Defendant Carberry was acting under color of state law.

11. Defendants John Doe I-X are c/o's currently, and at all times relevant to this Complaint were working, at SCI Camp Hill. The John Doe Defendants are being sued in both their individual and supervisory capacities. At all times relevant to this Complaint, the John Doe Defendants were acting under color of state law.

## FACTS

12. Plaintiff incorporates by reference all paragraphs, both preceding and following this averment, of this Complaint as if fully set forth herein.

13. On or about March 18, 2015, Plaintiff was sentenced in the Court of Common Pleas of Luzerne County, Pennsylvania, to serve time in the Pennsylvania State Prison System.

14. Plaintiff taken into custody and was briefly held at Lackawanna County Prison until approximately April 14, 2015, when he was transferred to Luzerne County Prison.

15. On or about April 16, 2015, Plaintiff was transferred to the Pennsylvania State Correctional Institution at Camp Hill ("SCI Camp Hill").

16. Upon his arrival at Camp Hill at approximately 8:30 a.m., Plaintiff was flagged by an unknown c/o as having been employed as a prison guard in the past.

17. At a result of being flagged, after Plaintiff was processed, he was placed in a solitary holding cell from 11:00 a.m. until 10:00 p.m., without seeing medical or psychiatric staff.

18. Plaintiff was told that he was going to be placed in the Restrictive Housing Unit ("RHU").

19. A nurse – one of the named John Doe Defendants – met with Plaintiff and reviewed Plaintiff's medications, in particular his psychiatric medications that he was prescribed prior to being incarcerated and which were given to him during his stay at Lackawanna County Prison.

3

20. The nurse refused to provide Plaintiff with his medication and denied Plaintiff's specific request to see psychiatric staff.

21. Plaintiff was given a video camera assessment as he was being transported to the RHU.

22. Prior to going to the RHU, Plaintiff was put into a cell, and the video camera operator and Lieutenant was accompanying her left the room, telling a rookie officer "it is your turn." All three of these individuals are John Doe Defendants.

23. After the Lieutenant and the female left, the rookie c/o and two other c/o's removed Plaintiff's clothing and performed a body cavity search. Plaintiff complied. All of these c/o's are John Doe Defendants.

24. After this procedure was complete, Plaintiff attempted to put his clothing back on, but the rookie c/o stopped him, saying "no fat boy, put your finger up your ass."

25. Plaintiff refused to comply, and the rookie c/o said "if you do not comply, I am going to get a broomstick and shove it in there, because that is what you get for playing with little kids, fat boy."

26. At this time, the rookie c/o and the other c/o's continually yelled "pedophile" at Plaintiff.

27. One c/o then grabbed Plaintiff's face and told him to "play with your titties, fat boy," before pushing him to the ground.

28. All officers present then repeatedly yelled "get up you piece of shit," before finally allowing Plaintiff to put his clothes on.

29. At this time, the Lieutenant and the camera woman returned and transferred Plaintiff to the RHU.

30. Plaintiff was told that he was being placed in the RHU "for his own safety until he could see PRC." PRC is the mental health division of the state prison and is responsible for all psychiatric needs of inmates at SCI Camp Hill.

31. After the c/o's put Plaintiff in his cell, they announced to the other inmates, "we have a pedophile on the block, boys," causing those inmates to scream and threaten Plaintiff and placing Plaintiff in danger.

32. On Friday, April 17, 2015, Defendant Miller, the head of the PRC and the person responsible for Plaintiff's psychiatric care, saw Plaintiff, who told Defendant Miller that he was shaking because he was not given his medication and that he should not be in the RHU.

33. Defendant Miller told Plaintiff "you are a piece of shit, and I do not feel like giving you your medications. We will see how I feel on Monday."

34. Plaintiff went the entire weekend without his psychiatric medications.

35. Plaintiff was not fed a meal on Saturday, April 18, 2015.

36. Plaintiff was only given one meal on Sunday, April 19, 2015.

37. Plaintiff was not given toilet paper and was forced to clean his feces with his hands.

38. Plaintiff attempted to send a letter out to his wife Nancy, but c/o's intercepted it and destroyed it. These c/o's are John Doe Defendants.

39. Plaintiff begged a nurse for help on the weekend, but was told that he would have to wait until Monday because the nurse had no control over the PCR. That nurse is a John Doe Defendant.

40. On Monday, Defendant Miller came to see Plaintiff, and, laughing, he said "my wife was bad to me this weekend. No meds."

41. Plaintiff's wife called Defendant Miller over twenty times, seeking help, but he refused to provide help or return any of her calls.

42. Plaintiff was not released from the RHU until May 7, 2015.

43. Plaintiff was only released because he was able to get a letter out through a kind c/o to his wife, who called the prison superintendent for assistance.

44. Plaintiff was never given his mental health medications or any other medical treatment while in the RHU.

45. Defendant Miller saw Plaintiff regularly and only taunted him, refusing to ever give him the medication he required.

46. Plaintiff's mental illness caused him to compulsively chew his fingers until they were raw and bleeding upon his release from RHU because he did not have his mental health medications.

47. Plaintiff was not permitted to shower or shave during the entire three weeks that he was in the RHU.

48. Plaintiff was only fed sporadically while in the RHU, only being fed lunch sometimes, causing him to lose a great deal of weight.

5

49. Plaintiff complained to John Doe Defendants daily about his condition, and all of these individuals failed to take action to protect Plaintiff.

50. Upon seeing Plaintiff on his release from the RHU, the superintendent exclaimed, "Oh my God, how could this have happened at my prison."

51. Plaintiff was placed in the SOU unit, where he remained for two-and-one-half weeks to be rehabilitated from the condition in which his stay in the RHU left him.

52. Plaintiff was then transferred to H-Block, where he shared a cell with another inmate from the SOU.

53. While on H-Block, Camp Hill's psychiatric block, Plaintiff met Defendant Gault, who was close friends with Defendant Miller and whom Defendant Miller had asked to retaliate against Plaintiff.

54. Gault treated Plaintiff with ignorance and distain from the moment he was transferred to H-Block.

55. In another cell on H-Block, inmate Patton shared a cell with inmate Eaton.

56. Eaton was a violent individual with pschyzo-affective disorder.

57. Prison officials were aware of this diagnosis and of his danger to fellow inmates, and yet, these individuals permitted Eaton to be housed in the same cell with other inmates.

58. Patton informed prison officials, including Defendant Gault, Defendant Carberry, the H-Block unit manager, and Defendant Harry, that he was being threatened with violence by Eaton and that he felt unsafe being housed in a cell with him.

59. As a result, Patton was transferred to another cell.

60. Defendants Gault and Carberry purposely and intentionally placed Plaintiff into Eaton's cell, as his new cell-mate, knowing of Eaton's violent tendencies.

61. Plaintiff complained to Defendants Gault, Carberry, and Harry, stating that Eaton was violent and was threatening violence against him.

62. Plaintiff specifically requested that these individuals place him in another cell.

63. These Defendants refused to move Plaintiff, and Defendant Gault told Plaintiff, "deal with it. How do you like that."

64. On or about June 21, 2015, in the middle of the night, Plaintiff was violently assaulted by Eaton.

65. Specifically, Eaton used his cane to smash Plaintiff across the face, causing him to fall to the floor and strike his head upon the cell's toilet.

66. Plaintiff bled profusely on the floor of the cell. When he was returned to his cell, John Doe Defendants forced him to clean up his own blood.

67. As a result of the attack, Plaintiff suffered a concussion. He also suffered, and continues to suffer from post-concussion syndrome.

68. As a result, Plaintiff still endures excruciating headaches that he had never suffered prior to the attack.

69. Due to Plaintiff's frequent, unstoppable headaches, he has been forced to take medication for the pain.

70. The use of this medication has caused Plaintiff to suffer irreparable injury to his digestive system including acid reflux, Barrett's esophagus, and rectal bleeding, and has also caused him to lose approximately 100 pounds.

71. Plaintiff properly preserved his claims in this matter via the filing of grievances and appealing from the denial thereof.

72. Defendant Carberry, in evidence of his continuing deliberate indifference and malice, sent an email to the unit manager at SCI Retreat, the prison to which Plaintiff was ultimately transported, asking if Plaintiff "would rescind his grievances since he got to go to a soft prison."

73. To the extent that any claims were not exhausted via grievance procedure, Plaintiff attempted to, but was stopped from filing grievances by John Doe Defendants, who intercepted his mail and paperwork from his cell in the RHU and destroyed those documents.

### COUNT I: 42 U.S.C. § 1983, DELIBERATE INDIFFERENCE TO PLAINTIFF'S EIGHTH AMENDMENT RIGHTS AND FAILURE TO PROTECT, PLAINTIFF V. ALL DEFENDANTS

74. Plaintiff incorporates by reference all paragraphs, both preceding and following this averment, of this Complaint as if fully set forth herein.

75. Defendant Miller, acting under color of state law and acting with deliberate indifference, intent, and malice, deprived the Plaintiff of his rights under the Eighth Amendment to the United States Constitution, including, but not limited to, his right to be free from cruel and unusual punishment and right to be have his serious medical conditions treated, which is in violation of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1983.

76. Defendants Gault, Harry and Carberry, acting under color of state law and acting with deliberate indifference, intent, and malice, deprived the Plaintiff of his rights under the Eighth Amendment to the United States Constitution, including, but not limited to, his right to be free from cruel and unusual punishment and his right to be protected from violent inmates, which is in violation of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1983.

77. John Doe Defendants, acting under color of state law and acting with deliberate indifference, intent, and malice, deprived the Plaintiff of his rights under the Eighth Amendment to the United States Constitution, including, but not limited to, his right to be free from cruel and unusual punishment, which is in violation of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1983.

78. As a direct and proximate result of the foregoing, the Defendants have caused Plaintiff to suffer emotional distress and other damages including, but not limited to future lost wages, future medical expenses, pain and suffering, health impairments and have deprived Plaintiff of his rights and privileges as an individual residing within the borders of the United States of America; where, Plaintiff requests that this Honorable Court find and determine, after trial by jury, that the Plaintiff has suffered substantial and continuing injury as a result of the deprivation of his civil and constitutional rights and other wrongful conduct on the part of the Defendants, and to award the following relief as appropriate:

   a. Compensatory damages in excess of the jurisdictional limit;

   b. Punitive damages against Defendants in excess of the jurisdictional limit;

   c. Pre-judgment interest and costs;

   d. Attorney's Fees pursuant to 42 U.S.C. 1988(b);

   e. Such other legal and equitable relief as the Court deems just and proper.

**COUNT II: 42 U.S.C. § 1983, FAILURE TO TRAIN, SUPERVISE, AND IMPLEMENT POLICY UNDER *MONELL*, PLAINTIFF V. DEFENDANT HARRY**

79. Plaintiff incorporates by reference all paragraphs, both preceding and following this averment, of this Complaint as if fully set forth herein.

80. At all times relevant hereto, Plaintiff was an inmate at SCI Camp Hill and Defendant Harry was the Superintendent and a policy maker at SCI Camp Hill, responsible for the training, supervision, and disciple of employees of the prison.

81. As a matter of policy, practice, and deliberate indifference, Defendant Harry failed to institute any directives to protect Plaintiff and other similarly situated inmates.

8

82. Defendant Harry failed to train, supervise, and/or disciple any of the officers named in this suit, encouraging these individuals to engage in the unlawful and actionable conduct of being deliberately indifferent to and willfully ignoring Plaintiff' safety, medical needs, and rights under the Eighth Amendment.

83. Defendant Harry failed to train in the area of or implement policy in the area of adequate mental health treatment, harassment of inmates, protection of inmates from other violent inmates, and/or reporting procedure, and was on actual notice of the need to do so based upon prior similar incidents.

84. Defendant Harry was aware of the need for such policy, training and supervision, as a result of, but not limited to: (1) the following civil cases having been filed and/or (2) the facts underlying the following civil cases, which are similar to this case:

    a. 1:16-cv-1678
    b. 1:16-cv-823
    c. 3:15-1282
    d. 1:13-cv-538

85. As a direct and proximate result of the foregoing, the Defendants have caused Plaintiff to suffer emotional distress and other damages including, but not limited to future lost wages, future medical expenses, pain and suffering, health impairments and have deprived Plaintiff of his rights and privileges as an individual residing within the borders of the United States of America; where, Plaintiff requests that this Honorable Court find and determine, after trial by jury, that the Plaintiff has suffered substantial and continuing injury as a result of the deprivation of his civil and constitutional rights and other wrongful conduct on the part of the Defendants, and to award the following relief as appropriate:

    a. Compensatory damages in excess of the jurisdictional limit;

    b. Punitive damages against Defendants in excess of the jurisdictional limit;

    c. Pre-judgment interest and costs;

    d. Attorney's Fees pursuant to 42 U.S.C. 1988(b);

    e. Such other legal and equitable relief as the Court deems just and proper.

**COUNT III: SUPPLEMENTAL STATE LAW CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANTS MILLER AND GAULT AND JOHN DOE DEFENDANTS**

86. Plaintiffs incorporate by reference all paragraphs, both preceding and following this averment, of this Complaint as if fully set forth herein.

87. Defendants Miller and Gault and John Doe Defendants committed intentional infliction of emotional distress in violation of the laws of Pennsylvania by her specific aforementioned acts and conduct in the form of including, but not limited to, harassing Plaintiff, withholding food, withholding showers, refusing to provide medical treatment to Plaintiff, placing Plaintiff in a cell with a violent inmate in order to get him beaten, retaliation against Plaintiff, all of which was done with the intent to cause Plaintiff apprehension of malicious, intentional, willful and harmful offensive contact and with the intent of actually causing that contact and/or causing Plaintiff's medical condition to deteriorate; this was extreme and outrageous conduct beyond that tolerated by civilized society, and this contact caused severe emotional distress in the form of mental and physical injuries.

88. As a direct and proximate cause of the foregoing, Plaintiff suffered the injuries described herein.

89. As a direct and proximate result of the foregoing, the Defendants have caused Plaintiff to suffer emotional distress and other damages including, but not limited to future lost wages, future medical expenses, pain and suffering, health impairments and have deprived Plaintiff of his rights and privileges as an individual residing within the borders of the United States of America; where, Plaintiff requests that this Honorable Court find and determine, after trial by jury, that the Plaintiff has suffered substantial and continuing injury as a result of the deprivation of his civil and constitutional rights and other wrongful conduct on the part of the Defendants, and to award the following relief as appropriate:

    a. Compensatory damages in excess of the jurisdictional limit;

    b. Punitive damages against Defendants in excess of the jurisdictional limit;

    c. Pre-judgment interest and costs;

    d. Such other legal and equitable relief as the Court deems just and proper.

## JURY DEMAND

90. Plaintiff demands a Jury Trial as to each Defendant and as to each Count.

Respectfully Submitted,

*Walker Comerford Law, LLC*

*/s/ Matthew T. Comerford*

---

Matthew T. Comerford, Esq.
Atty. Id. No. 89220

matt@pjwlaw.com

/s/ *Curt M. Parkins*

Curt M. Parkins, Esq.
Atty. Id. No. 310571
curt@pjwlaw.com

Attorneys for Plaintiff
204 Wyoming Avenue
Scranton, PA 18503
Phone: 570-344-2355
Fax: 570-344-1061

11