UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARMEN DEMARK, | : | Civil No. 3:17-CV-732 |
| Plaintiff | : | (Judge Mannion) |
| v. | : | (Magistrate Judge Carlson) |
| LAUREL HARRY, et al., | : | |
| Defendants. | : | |

## MEMORANDUM AND ORDER

In July of this year the plaintiff's counsel filed a motion to withdraw as counsel, at the apparent request of the plaintiff. (Doc. 29). On July 30, 2020, we granted this motion and directed the plaintiff to retain new counsel and have counsel enter an appearance in this case, or notify the court that he intends to proceed *pro se* on or before August 14, 2020. The plaintiff did not comply with this order. Nor did he communicate with the court. In the absence of any communication from the plaintiff on September 10, 2020, we entered an order which deemed the plaintiff to be representing himself in this litigation; placed the plaintiff on notice of his obligation to comply with court orders, cooperate with opposing counsel in discovery and preparing this case for trial; advised the plaintiff that he must keep the court and counsel informed of his whereabouts and how he may be contacted; and admonished the plaintiff that a failure to comply with court orders, and actively litigate this case

may result in the dismissal of this lawsuit for failure to prosecute. We then set a schedule for discovery and dispositive motions in this case.

The defendants then filed a motion to dismiss this case for failure to prosecute, (Doc. 34), and we ordered the plaintiff to respond to this motion by November 9, 2020. We subsequently received a pleading, styled as a motion to extend time. (Doc. 37). This filing is not made by the plaintiff but rather by Nancy Demark who identified herself as the plaintiff's power of attorney. In her filing Ms. Demark reported that Carmen Demark, the plaintiff, had been declared mentally incompetent and is now institutionalized. Ms. Demark also indicated that she has been seeking the assistance of counsel but to no avail.

We directed the parties to confer on a course moving forward in this case and provide us with a status report. We have now received this report which suggests the need to try to secure *pro bono* counsel to assist the plaintiff and his guardian as they navigate this legal terrain. We recognize that there is neither a constitutional nor a statutory right to counsel for civil litigants. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997); Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). Instead, 28 U.S.C. § 1915(e)(1) simply provides that "[t]he court may request an attorney to represent any person unable to employ counsel." Under §1915(e)(1), a district court's appointment of counsel is discretionary and must be made on a case-by-case basis.

Tabron, 6 F.3d at 157-58. In Parham, the United States Court of Appeals outlined the standards to be considered by courts when reviewing an application to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1). In passing on such requests we must first:

> "[D]etermine[] that the plaintiff's claim has some merit, then [we] should consider the following factors: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; [and] (6) whether the plaintiff can attain and afford counsel on his own behalf."

Parham v. Johnson, 126 F.3d at 457. Moreover, "we have [been] cautioned that courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002). Indeed, in this regard:

> Third Circuit Court of Appeals has directed district courts to examine two additional factors when considering an indigent party's request for counsel. These factors are: 1) "[t]he Court's willingness to aid the indigent party in presenting his or her case ... and 2)[t]he supply of attorneys willing to take § 1915(e) requests in the geographic area of the litigation." Gordon v. Gonzalez, 232 Fed. Appx. 153, fn. 4 (3d Cir.2007).

Quinn v. Vrable, CIV. 3:CV-06-0571, 2008 WL 5146534 (M.D. Pa. Dec. 8, 2008). We must consider the availability of counsel when ruling upon these requests because: "the scarcity of available counsel is a very real consideration as to if, and

3

when, the appointment of counsel in a case can be accomplished by the district court as 'courts have no authority to compel counsel to represent an indigent civil litigant.' <u>Tabron</u>, 6 F.3d at 157 n. 6." <u>Quinn v. Vrable</u>, CIV. 3:CV-06-0571, 2008 WL 5146534 (M.D. Pa. Dec. 8, 2008).

Mindful of the fact that appointed counsel is a "precious commodity," and further cognizant of the fact that we must rely upon a "volunteer lawyer", since we lack the ability to conscript counsel, we also recognize that in the exercise of our discretion appointment of counsel may be appropriate where a plaintiff advances claims of arguable merit, and presents facts which would prevent the plaintiff from fully pursuing those claims. See <u>Hetzel v. Swartz</u>, 917 F. Supp. 344 (M.D. Pa. 1996). In our view, the claims in this case have potentially arguable merit, and the plaintiff does not appear to have either the financial ability to retain counsel or re[present himself. Considering all of these factors, we conclude that a search should be undertaken for *pro bono* counsel who may be willing and able to undertake representation of the plaintiff in this action.

Accordingly, IT IS HEREBY ORDERED THAT:

1) We conditionally **GRANT** the appointment of counsel in this case, provided that a member of the *Pro Bono* panel of the Middle District of Pennsylvania Chapter of the Federal Bar Association agrees to volunteer to

represent Plaintiff. Plaintiff is advised that locating *pro bono* counsel may take some time; he will be notified in writing of the results of the search for counsel as soon as possible. The *Pro Bono* Coordinator for Middle District of Pennsylvania Chapter of the Federal Bar Association shall report to the Court on the progress of identifying *pro bono* counsel on or before **January 4, 2021.**

2) If the court is unsuccessful in its efforts to locate *pro bono* counsel to represent Plaintiff, he shall proceed *pro se*, and this order conditionally granting the motion for appointment of counsel will be vacated.

3) A copy of this order will be served upon the *Pro Bono* Coordinator for Middle District of Pennsylvania Chapter of the Federal Bar Association.

SO ORDERED, this 24th day of November 2020.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge