# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

CARMEN DEMARK,

                  Plaintiff,

    v.

LAUREL HARRY et. al,

                  Defendant.

CIVIL ACTION NO. 3:17-CV-00732

(MEHALCHICK, M.J.)

## MEMORANDUM

On the eve of trial in this matter, with less than three weeks before jury selection was scheduled to begin and months after any deadlines for dispositive motions to be filed had passed, Defendants, employees or former employees of the Department of Corrections, filed a request that the case be dismissed for failure to exhaust administrative remedies. In response, Plaintiff, Carmen Demark ("Demark") moved for leave to amend his complaint pursuant to Federal Rule of Civil Procedure 15. For the following reasons, Defendants' request that this case be dismissed for failure to exhaust administrative remedies is **DENIED** and Demark's motion for leave to amend his complaint is **GRANTED.** (Doc. 102, at 4; Doc. 107, at 3-4).

The Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, is intended to return control of the inmate grievance process to prison administrators, encourage the development of an administrative record, and perhaps settlements, within the inmate grievance process, and reduce the number of meritless inmate lawsuits challenging prison conditions. *See Downey v. Pennsylvania Dep't of Corr.,* 968 F.3d 299, 305 (3d Cir. 2020); *Hill v. Harry, et al.* 2023 WL 6522400, at *10 (M.D. Pa. 2023); *Jones v. Bock*, 549 U.S. 199, 204 (2007) (explaining that the exhaustion requirement "allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court"). The

defense of exhaustion of administrative remedies may be raised at any time, so long as the defendant included it as an affirmative defense in the responsive pleading. *Drippe v. Gototweski*, 434 F. App'x 79, 81 (3d Cir. 2011). It does not appear in any case that the exhaustion requirement is meant to be a means by which a defendant may avoid a case being heard on its merits through the last-minute filing of a motion. Indeed, it is this type of last-minute dispositive motion, filed far beyond any case management deadline, that courts have found concerning in the past. *See Peet v. Beard*, No. 3:10-CV-482, 2015 WL 7568300, at *5 (M.D. Pa. Nov. 25, 2015) (providing, "[i]t was not until the eve of trial – and after more than five years had passed, considerable time had been spent, discovery had been completed, retained experts had furnished reports, and significant expenses had been incurred by the parties – that the defendants filed the 'motion for bifurcation' [to assert the exhaustion of administrative remedies defense], essentially seeking another bite at the dispositive apple in this case.") Nevertheless, even where troubled by defendants belatedly raising the issue of exhaustion, courts have determined that dismissal is warranted where a plaintiff failed to exhaust administrative remedies. *Peet*, 2015 WL 7568300, at *5

In this case, however, Demark is no longer incarcerated and therefore no longer subject to the PLRA's exhaustion requirement. *Garrett v. Wexford Health*, 938 F.3d 69, 87-88 (3d Cir. 2019). In the context of the PLRA, leave to amend can remedy a failure to exhaust filing defect for formerly incarcerated plaintiffs who were in prison at the time they filed their original complaint. *Garrett*, 938 F.3d at 84. In such cases, the former inmate's new status "as a non-prisoner" becomes determinative and they are no longer subject to the PLRA's exhaustion requirement. *Garrett*, 938 F.3d at 87. The PLRA does not override the usual operation of Fed. R. Civ. P. 15 which "permits the District Court discretion to deny additional

amendments. . . precisely so that [formerly incarcerated litigants] will not try to game the system by improperly delaying a case or otherwise causing prejudice to a defendant's validly raised defenses." *Garrett*, 938 F.3d at 8-89. Demark's change in release status operates to cure any alleged failure to exhaust administrative remedies, rendering Defendants' exhaustion argument moot. (Doc. 1; Doc. 102, at 2, 4; Doc. 107, at 3-4); *Garrett*, 938 F.3d at 88.

Defendants assert that "the proposed amended complaint is far from timely and without explanation," that Demark could have amended his complaint at any point over the intervening years this case has been litigated, and that Demark's "last minute attempt to amend the complaint—days before a hearing on exhaustion—is exactly the type of gamesmanship warned of in *Garrett*." (Doc. 110, at 1). The Court disagrees. The Court will stop short of calling either Defendants' late-filed motion or Plaintiff's motion to amend "gamesmanship", but it is clear from the record that both parties have contributed to six years' worth of delays, and both parties now, on the eve of trial, have once again delayed resolution of this matter on its merits.[1] Further, it was in response to Defendants' late-filed motion that

---

[1] For several years, the parties engaged in a lengthy discovery process with many motions for extension of time to complete discovery filed by both parties, and several different counsel entering and withdrawing appearances. (Doc. 13; Doc. 15; Doc. 17; Doc. 19; Doc. 21; Doc. 24; Doc. 26; Doc. 30; Doc. 37; Doc. 57; Doc. 64; Doc. 67; Doc. 75; Doc. 77; Doc. 84). At no time did either party file a dispositive motion in this case. After the close of discovery, the delays in this case continued. On December 14, 2022, the Court issued an order scheduling trial to begin on March 13, 2023. (Doc. 79). Defendants filed a motion to reset trial date on January 5, 2023. (Doc. 80). Trial was reset for May 22, 2023. (Doc. 83). On March 27, 2023, Demark filed an unopposed motion to continue trial. (Doc. 87). Trial was reset, with jury selection to begin on September 25, 2023. (Doc. 90). On September 5, 2023, Defendants filed a motion for an evidentiary hearing on exhaustion of administrative remedies and requested this case be dismissed. (Doc. 100; Doc. 102, at 4, 8). On September 13, 2023, Defendants filed their brief in support. (Doc. 102). On October 2, 2023, Demark filed a brief in opposition, through which he filed a cross-motion for leave to amend his complaint. (Doc. 107, at 3-4).

Demark requested leave to amend his complaint. (Doc. 107, at 4). Defendants had opportunity to appropriately assert their exhaustion defense in a dispositive motion before the filing deadline had closed. Arguably, Defendants' motion is equally "far from timely and without explanation." (Doc. 110, at 4).

The Court recognizes that allowing amendment on the eve of trial could place an unfair burden both on the Defendants and the Court. *See Omogbehin v. Cino,* 485 F. App'x 606, 611-12 (3d Cir. 2012) (upholding district court's decision to deny plaintiff leave to amend because the "'delay in moving to amend, until the eve of trial, was undue.'"). However, Demark's request to amend his complaint was asserted in response to Defendants' eleventh-hour motion for an evidentiary hearing on the issue of exhaustion. (Doc. 102, at 4; Doc. 107, at 2- 4). While Demark had opportunity to amend his complaint in the over five years since he has been released from prison, the prejudice that would stem from denying him leave to amend exceeds the burden on Defendants who, as a result of the Court's decision, will have to move forward with a case that they presumably were already prepared to litigate. *See Growney v. Fed. Ins. Co.*, 2021 WL 8443400, at *2 (D.N.J. Dec. 28, 2021) (granting leave to amend in part because no new facts or theories were asserted in the proposed amended complaint, no unanticipated costs were associated with the amendment, and no prejudice would result from the short delay the amendment would cause); *Raymo v. Civitas Media LLC*, 2020 WL 4003646, at *5 (M.D. Pa. July 15, 2020) (granting leave to amend where defendants failed to show plaintiff's delay in amending the complaint was undue or unduly prejudicial). Defendants fail to indicate specifically how they would be prejudiced by the Court's grant of leave to amend, other than having to defend this case on its merits. As the central goal of the Federal Rules of Civil Procedure is to promote resolution of a matter on the merits, the Court

finds that is an insufficient showing of prejudice that would warrant denying Demark an opportunity to litigate this case on the merits. Unlike other cases where amendment has been denied "on the eve of trial," amendment in this case would not require additional discovery, cause undue delay, or place any new burden on Defendants or the Court. *Cf. Valentin v. Philadelphia Gas Works,* 128 F. App'x 284, 287 (3d Cir. 2005) (affirming the district court's decision to deny plaintiff leave to amend "a mere twelve days before trial" because plaintiff had asserted a new legal theory and the amendment could cause "undue delay and prejudice"); *Preacher v. Correct Care Servs.*, 2021 WL 11699292, at *2 (W.D. Pa. Mar. 16, 2021) (denying leave to amend "on the eve of trial" because "[t]he burden and cost of [the] additional discovery [needed] would cause substantial prejudice the Defendants."); *Quarles v. Palakovich*, 2011 WL 5040891, at *3 (M.D. Pa. Oct. 24, 2011) (denying leave to amend "on the eve of trial" because "allowing [] amendment would result in additional discovery, cost, and preparation").

In consideration of the above, Demark's motion for leave to amend his complaint is **GRANTED**. Defendants' request that this case be dismissed for failure to exhaust administrative remedies is **DENIED** as **MOOT**. (Doc. 102, at 4).

An appropriate Order will follow.

BY THE COURT:

Dated: October 17, 2023                    *s/ Karoline Mehalchick*

**KAROLINE MEHALCHICK**
**Chief United States Magistrate Judge**