UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARMEN DEMARK,<br><br>        Plaintiff,<br><br>v.<br><br>LAUREL HARRY, et al.,<br><br>        Defendants. | CIVIL ACTION NO. 3:17-CV-00732<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

Plaintiff Carmen Demark ("Plaintiff") commenced this action on April 24, 2017, by filing a complaint asserting claims against Defendants Laurel Harry, C.O. Miller, C.O. Gault, C.O. Carberry, and John/Jane Doe I-X. (collectively, "Defendants"). (Doc. 1). Before the Court is Defendants' motion for reconsideration of the Court's Order dated October 17, 2023, by which the Court granted Plaintiff's motion for leave to amend his complaint and denied Defendants' request that this case be dismissed for failure to exhaust administrative remedies. (Doc. 113). For the following reasons, Defendants' motion for reconsideration (Doc. 114) is **DENIED**.

I.    **BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff initiated the instant action by filing a complaint on April 24, 2017. (Doc. 1). Therein, he alleges various constitutional violations against Defendants arising from his time incarcerated at the Pennsylvania State Corrections Institution at Camp Hill. (Doc. 1). On June 2, 2021, the parties consented to proceed before the undersigned United States Magistrate Judge pursuant to Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c). After several years of litigation and on the eve of trial, Defendants filed a motion for an evidentiary hearing on exhaustion of administrative remedies, which was held on October 11, 2023. (Doc. 100; Doc.

111). In response, Plaintiff filed a motion to amend his complaint to reflect that he is no longer incarcerated and therefore no longer subject to the Prison Litigation Reform Act's ("PRLA") exhaustion requirement. (Doc. 107). On October 17, 2023, the Court granted Plaintiff's motion to amend his complaint and denied Defendants' request that this case be dismissed for failure to exhaust administrative remedies. (Doc. 113). On October 20, 2023, Defendants filed a motion requesting this Court to reconsider its October 17, 2023, Order and a brief in support. (Doc. 114; Doc. 115). On November 3, 2023, Plaintiff filed a brief in opposition.[1] (Doc. 117). November 14, 2023, Defendants filed a reply brief. (Doc. 118). Accordingly, the matter is ripe for discussion.[2] (Doc. 114; Doc. 115; Doc. 117; Doc. 118).

II. **LEGAL STANDARD**

"A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F.Supp.2d 588, 606 (M.D. Pa. 2002) (citation omitted); *see also Waye v. First Citizen's Nat'l Bank*, 846 F. Supp. 310, 314 n.3 (M.D. Pa. 1994), *aff'd,* 31 F.3d 1175 (3d Cir. 1994). The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's*

---

[1] In his brief in opposition, Plaintiff argues, "Defendants do not meet the high standard for reconsideration. There was no clear error of law and no manifest injustice. On the contrary, it would be absurd to impose the PLRA on someone who is not in prison." (Doc. 117, at 1).

[2] Defendants reassert that they timely raised their exhaustion of administrative remedies affirmative defense and that, by allowing Plaintiff to file an amended complaint, the Court has permitted "the exact gamesmanship forewarned by *Garrett*." (Doc. 118, at 2-3); 938 F.3d 69 (3d Cir. 2019). The Court has already addressed the relationship between this case and *Garrett v. Wexford Health*, concluding that in accordance with the Third Circuit's holding in *Garrett*, Plaintiff would be permitted to file an amended complaint reflecting his new unincarcerated status. (Doc. 112; Doc. 113; Doc. 114); 938 F.3d 69 (3d Cir. 2019).

*Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Thus, a judgment may be amended or altered if the party seeking reconsideration shows at least one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café*, 176 F.3d at 677 (citation omitted). "By reason of the interest in finality, at least at the district court level, motions for reconsideration should be sparingly granted." *Cole's Wexford Hotel, Inc. v. UPMC & Highmark Inc.*, No. CV 10-1609, 2017 WL 432947, at *1 (W.D. Pa. Feb. 1, 2017).

III. **DISCUSSION**

Upon a careful and thorough review of Defendants' arguments, the Court finds no grounds for granting their motion for reconsideration as there is no clear error or manifest injustice arising from the Court's October 17, 2023 Order or Memorandum. (Doc. 112; Doc. 113; Doc. 114); *Max's Seafood Café*, 176 F.3d at 677. Defendants request this Court review "the narrow issues of whether Plaintiff can suffer any prejudice when exhaustion was timely filed, and whether Plaintiff's proposed amended complaint, for the sole purpose of prejudicing Defendants' ability to raise the valid defense of failure to exhaust administrative remedies must be denied." (Doc. 115, at 4). However, the Court already addressed the issue of prejudice in the Memorandum accompanying its October 17, 2023, Order.[3] (Doc. 112, at 4; Doc. 113).

---

[3] In the October 17, 2023, Memorandum, the Court stated, ". . . the prejudice that would stem from denying [Plaintiff] leave to amend exceeds the burden on Defendants who, as a result of the Court's decision, will have to move forward with a case that they presumably were already prepared to litigate." (Doc. 112, at 4). Defendants now argue the purpose of Plaintiff's amendment was to "deny [Defendants of their] timely raised defense," but the Court has previously recognized that Plaintiff's motion to amend came in direct response to Defendants' raising the exhaustion defense on the eve of trial and the Court's decision to grant

Despite Defendants' attempt to reassert the arguments they previously made in favor of the Court denying Plaintiff leave to amend his complaint, "'motions for reconsideration are not designed to provide litigants with a 'second bite at the apple.'" (Doc. 110, at 4; Doc. 115, at 6); *Cole's Wexford Hotel, Inc. v. UPMC & Highmark Inc.*, No. CV 10-1609, 2017 WL 432947, at *2 (W.D. Pa. Feb. 1, 2017) (quoting *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995)). "A motion for reconsideration is not to be used to relitigate, or 'rehash,' issues the court already decided, or to ask a district court to rethink a decision it, rightly or wrongly, already made." *Cole's Wexford Hotel*, 2017 WL 432947, at *2 (citing *Williams v. City of Pittsburgh*, 32 F. Supp. 2d 236, 238 (W.D. Pa. 1998)). The Court already applied the relevant law in this case to determine that Defendants would not be unduly prejudiced by allowing Plaintiff to amend his complaint. (Doc. 112). Accordingly, the Court will not "rehash" the issues previously litigated in this case. *Cole's Wexford Hotel*, 2017 WL 432947, at *2. Instead, the Court finds that Defendants have failed to satisfy the strict pleading standard for a motion for reconsideration. *Max's Seafood Café*, 176 F.3d at 677; *Cole's Wexford Hotel*, 2017 WL 432947, at *1.

IV. **CONCLUSION**

For the foregoing reasons, Defendants' motion for reconsideration (Doc. 114) is **DENIED**. An appropriate Order follows.

BY THE COURT:

Dated: March 29, 2024

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**

---

the motion to amend was both in the Court's discretion and favored in pursuit of litigating this case on the merits (Doc. 113, at 4-5; Doc. 115, at 8).